IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES E. PRICE, JR., #360894
a/k/a Dayton Harris
a/k/a Nocchio
    Petitioner,

v.

BOBBY P. SHEARIN, et al.
    Respondents.

\* CIVIL ACTION NO. WDQ-13-3822

\*\*\*\*\*

MEMORANDUM

On December 18, 2013, the court received for filing this 28 U.S.C. § 2254 petition for writ of habeas corpus.[1] ECF No. 1. This is the first § 2254 petition filed by petitioner attacking his 2010 conviction. Respondents were ordered to file an answer to the petition, with petitioner granted additional time to file a reply to the response. ECF No. 3 at 1 & 2.

On February 11, 2014, respondents filed an answer to the petition. ECF No. 8. They assert that in August 2009, a Circuit Court for Baltimore City jury found petitioner guilty of first-and second-degree rape, first-and second-degree sexual offense, third –and fourth-degree sexual offense, and first-and second-degree assault. *Id.*, Exs. 1 & 2. On January 12, 2010, petitioner was sentenced to a life plus 25 year term in the Maryland Division of Correction. *Id.*, Ex. 2. The Court of Special Appeals of Maryland affirmed petitioner's judgment of conviction on February 14, 2012. *Id.* The Court of Appeals of Maryland denied petitioner's request for further review on June 25, 2012. *Id.*, Ex. 3. The criminal judgment became final for direct appeal purposes on September 24, 2012, when the time for seeking U.S. Supreme Court certiorari expired. *See* United States Supreme Court Rule

---

[1] The court observes that the petition is dated June 20, 2013, but makes reference to a state decision entered on July 26, 2013, and includes a certification from August 28, 2013. ECF No. 1 at p. 4. In addition, a seemingly altered federal court decision from July 2, 2013 accompanies the petition. *Id.* at Ex. 1. Respondents correctly note that the date on the petition cannot be reconciled with the post-signature dates noted in the content of the petition.

13.1; *Clay v. United States*, 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or 90 days following the decision of the state's highest court). Respondents maintain that petitioner did not initiate post-conviction proceedings in the Circuit Court for Baltimore City.[2] *Id.*, Ex. 1.

Petitioner had a one-year period, from September 24, 2012 until September 24, 2013, to file a § 2254 petition for habeas corpus relief.[3] This petition was not received for filing until December 18, 2013. There were no matters pending in state court related to petitioner's criminal case which would have provided for statutory tolling under 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations period ran unchecked and untolled and it would appear that the petition is untimely.

---

[2] Petitioner has filed three separate motions to strike, in which he seemingly complains that respondents' answer was filed in an untimely manner and was not responsive to his discovery requests. ECF Nos. 11, 12 & 14. The motions shall be denied.

[3] Title 28 U.S.C. § 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The statute further provides: the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

Prior to respondents' filing, petitioner submitted a number of amended and supplemental petitions. ECF Nos. 4-7, & 9. These documents are unclear. Subsequent to respondents' filing, petitioner submitted additional documents. All have been read and they offer no rebuttal explanation in support of the timeliness of the petition. ECF Nos. 9-10, 13, 15, & 16. Petitioner fails to explain the signature date and the post-signature dates referenced in his petition. Further, he does not provide any factual or legal argument to illustrate why the petition is timely or is otherwise subject to equitable tolling.

The court cannot reconcile the date set out on the petition with the other dates set out in the application. Out of an abundance of caution, however, respondents shall be granted an additional 21 days to provide any and all mail logs to show when the petition was provided to prison mail room clerks. Petitioner shall be granted an additional 28 days to reply to the respondents' answer, solely discussing why his petition is timely or subject to equitable tolling. Petitioner is cautioned that his failure to file a responsive and timely reply will result in the dismissal of his petition without further notice of the court. A separate Order shall be entered.

Date: April 7, 2014

William D. Quarles, Jr.
United States District Judge

---

or claim is pending shall not be counted toward any period of limitation under this subsection.

3