IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES E. PRICE, #360894                *
        Petitioner,
v.                                       *       CIVIL ACTION NO. WDQ-13-3822

BOBBY P. SHEARIN, et al.                 *
        Respondents.
                      *****

MEMORANDUM

On December 18, 2013, the Court received for filing this 28 U.S.C. § 2254 petition for writ of habeas corpus.[1] ECF No. 1. This is the first § 2254 petition filed by petitioner, an inmate at the North Branch Correctional Institution ("NBCI") attacking his 2010 conviction in the Circuit Court for Baltimore City. Respondents were ordered to file an answer to the petition, and petitioner was granted additional time to file a reply to the response. (ECF No. 3 at 1 & 2).

On February 11, 2014, respondents filed an answer to the petition. ECF No. 8. They assert that in August of 2009, a Circuit Court for Baltimore City jury found petitioner guilty of first-and second-degree rape, first-and second-degree sexual offense, third –and fourth-degree sexual offense, and first-and second-degree assault. *Id.*, Exs. 1 & 2. On January 12, 2010, petitioner was sentenced to a life plus twenty-five year term in the Maryland Division of Correction. *Id.*, Ex. 2. The Court of Special Appeals of Maryland affirmed petitioner's judgment of conviction on February 14, 2012. *Id.* The Court of Appeals of Maryland denied petitioner's request for further review on June 25, 2012. *Id.*, Ex. 3. The criminal judgment became final for direct appeal purposes on September 24, 2012, when the time for seeking U.S. Supreme Court certiorari expired. *See* United States Supreme Court

---

[1] The Court observes that the petition contained a signature date of June 20, 2013. It also made reference to a state court decision entered on July 26, 2013, and included a certification from August 28, 2013. ECF No. 1 at p. 4. In addition, a seemingly altered federal court decision from July 2, 2013 accompanied the petition. *Id.* at Exs. 1 & 2. Respondents correctly observe that the signature date on the petition cannot be reconciled with the post-signature dates noted in the content of the petition.

Rule 13.1; *Clay v. United States*, 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court). Respondent maintains that petitioner did not initiate post-conviction proceedings in the Circuit Court for Baltimore City. *Id.*, Ex. 1.

Petitioner had a one-year period, from September 24, 2012 until September 24, 2013, to file a § 2254 petition for habeas corpus relief.[2] This petition was not received for filing until December 18, 2013. There were no matters pending in state court related to petitioner's criminal case which would have provided for statutory tolling under 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations period ran unchecked and untolled and it would appear that the petition is untimely.

---

[2] Title 28 U.S.C. § 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The statute further provides: the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Prior and subsequent to respondents' response, petitioner submitted a number of amended and supplemental petitions. ECF Nos. 4-7, 9-10, 13, & 15-16. These documents are rambling and incomprehensible. Petitioner failed to explain the signature date and the post-signature dates referenced in his petition. Further, he did not provide any factual or legal argument to illustrate why the petition is timely or is otherwise subject to equitable tolling.[3]

The Court could not reconcile the signature date set out on the petition with the other dates set out in the application. Given the discrepancy, on April 3, 2014, the Court issued a Memorandum and Order which granted respondents additional time to provide any and all mail logs to show when the petition was provided to prison mail room clerks. ECF Nos. 18 & 19. In turn, petitioner was granted additional time to reply to the respondents' answer, solely discussing why his petition was timely or subject to equitable tolling. Petitioner was cautioned that his failure to file a responsive and timely reply would result in the dismissal of his petition without further notice of the Court. *Id.*

On April 23, 2014, respondents filed a response to the court order indicating that NBCI does not maintain outgoing legal mail logs for prisoners, except for those who are designated as having "insufficient funds" or who are sending out certified mail. ECF No. 23. Petitioner has in turn filed several responses, including a motion for summary judgment. ECF Nos. 20-22 & 24. They are nonsensical and none address the timeliness issues discussed by the Court it its April 3, 2014 Memorandum and Order. The Court has no option but to dismiss the petition as time-barred and to deny petitioner's motion for summary judgment. Petitioner is cautioned that any non-post-judgment/appellate motions or notices submitted in this case shall not be accepted for filing and shall be returned to him by the Clerk. He is further warned that the continuing violation of this instruction

---

[3] The Court notes that petitioner has filed other pleadings in this Court that have questionable

3

shall result in the destruction of his filings.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability ("COA") should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a COA. A separate Order follows.

Date: May 7, 2014

William D. Quarles, Jr.
United States District Judge

---

signature dates. *See Price v. Smeltzer, et al.*, Civil Action No. WDQ-13-1805 (D. Md.) at ECF No. 1; *Price v. Lewis J. Goldstein Building, et al.*, Civil Action No. WDQ-10-3267 (D. Md) at ECF No. 1.

4